

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LETONY JAMES CARTER | DOCKET NO. 07-CV-1254; SEC. P |
| VERSUS | JUDGE DRELL |
| SHERIFF RANDY MAXWELL, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff LeTony James Carter, filed *in forma pauperis* on July 24, 2007. Carter is incarcerated at the Concordia Parish Correctional Center. He names as defendants Sheriff Randy Maxwell, Investigator Tony Edwards, Deputy Barry Rainey, Deputy Rob Polk, Deputy Ricky White, and Trooper Justin Green. Plaintiff seeks an award of two-hundred thousand dollars from the defendants for failing to press charges against David Cooper, who allegedly shot Plaintiff.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

## STATEMENT OF THE CASE

According to Plaintiff, on September 8, 2006, he was shot in the buttocks by David Cooper for being inside a vacant mobile home. Plaintiff states that David Cooper called authorities who apprehended Plaintiff and placed him under arrest. Upon his arrest, Plaintiff informed Ricky White, Barry Rainey, Rob Polk, and

Trooper Justin Green, that Mr. Cooper had shot Plaintiff in the buttocks and that Plaintiff wanted to press charges against David Cooper. Apparently charges were not brought against Mr. Cooper, so Plaintiff seeks monetary damages.

## LAW AND ANALYSIS

### I. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court must evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every pro se complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A

2

district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994).

II. <u>Constitutional Right</u>

First and foremost, Plaintiff has no constitutional right to have someone criminally prosecuted. <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990). The decision whether or not to bring criminal charges rests solely with the prosecutor. <u>See United States v. Bigham</u>, 812 F.2d 943, 945; <u>United States v. Carter</u>, 953 F.2d 1449, 1462 (5th Cir. 1992); <u>see</u> <u>also</u> <u>Oliver</u> 914 F.2d at 60.[1] Therefore, the alleged actions, or inaction, of the named defendants did not infringe upon any legally recognized right belonging to Plaintiff. <u>See</u> <u>Autrey v. Mississippi</u>,66 Fed. Appx. 523 (5th Cir. 2003)(citing <u>Dohaish v. Tooley</u>, 670 F.2d 934, 936-37

---

[1] Prosecutors are immune from liability in suits under § 1983 for acts that are an integral part of the judicial process. <u>See Oliver v. Collins,</u> 904 F.2d 278, 281 (5th Cir. 1990)(citing <u>Henzel v. Gerstein</u>, 608 F.2d 654, 657 (5th Cir.1979)). The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability. <u>See id., Williams v. Hartje</u>, 827 F.2d 1203, 1209 (8th Cir.1987); <u>Henzel</u>, 608 F.2d at 657.

3

(10th Cir. 1982). Plaintiffs have no standing to sue for alleged acts or omissions that do not infringe upon a legally recognized right belonging to them. Raines v. Byrd, 521 U.S. 811, 818 (1997); Autrey, 66 Fed. Appx at 523.

Further, a federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. Nader v. Saxbe, 497 F.2d 676, 679 (D.C. Cir. 1974). Nor may a court order prosecution of individuals at the instance of private persons. Id. at n. 18.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 27th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE